IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

**DANNY WILLIAMS,**

    **Plaintiff,**

**v.**                                       **Case No.**

**NINE ENERGY SERVICES,**

    **Defendant.**

## PLAINTIFF'S ORIGINAL COMPLAINT

**COMES NOW,** Plaintiff Danny Williams by and through his attorney, The Law Office of Ross R. Bettis, and brings this claim against Defendant, Nine Energy Services, et. la., for unlawful discrimination based on Plaintiff's race in violation Title VII of the Civil Rights Act of 1944, 42 U.S.C. 2000 (e) et seq. ("Title VII") and the New Mexico Human Rights Act, NMSA 1978 § 25-1-1 through § 28-11-15 ("NMHRA") and in support of this case of action states:

### I.
### PARTIES

1. Plaintiff, Danny Williams is currently and at all time material hereto a resident of Lea County, New Mexico.

2. Nine Energy Services is a business facility located at 3424 NW County Road, Hobbs, New Mexico 88240.

### II
### JURISDICTION AND VENUE

3. Jurisdiction and venue in this District Court and proper under NMSA § 38-3-1 (A), which

provides "all transitory actions shall be brought in the county where either the plaintiff or the defendant... resides." Accordingly, as Danny Williams resides in Lea County and Nine Energy Services has its principal place of business in Lea County, jurisdiction and proper in this District court.

4. This action is being brought pursuant to Title VII and the NMHRA. All administrative remedies with the Equal Employment Opportunity Commission ("EEOC") and the New Mexico Human Rights Bureau ("NMHRB") have been exhausted. The filing of this complaint is timely as the Dismissal and Notice of Rights was mailed by the EEOC on March 28, 2019.

### III
### FACTUAL ALLEGATION

5. Plaintiff is a Black/African American Man whose origin is from the United States.

6. Plaintiff was employed by Nine Energy Services at all times material hereto.

7. Plaintiff was hired as a Cement Service Supervisor from April 2008 through August 2018.

8. Plaintiff was terminated on August 2, 2018 for reasons unspecified by the District Manager, Charles Williford, who is a Caucasian Male.

9. Plaintiff was later notified by the Human Resource Manager, Nick Todd, that he was terminated because he had run out of fuel on location in which his crew had moved over from one job immediately to the next job with little or no time to get fuel.

10. Plaintiff was with his entire crew the date of the happening, where no one else was terminated except Danny Williams.

11. Plaintiff was never given the opportunity to succeed in his role as a Cement Service Supervisor like the Caucasian Cement Service Supervisor.

## DISPARATE TREATMENT

12. Defendant has allowed Caucasian Male Supervisors that have deliberately done wrong on the job, have run out of fuel on the job and have been kicked off the work location with no form of disciplinary action and/or termination.

13. Defendant allowed Plaintiff to be treated differently and be singled out due to his race.

14. Defendant had the ability to do a disciplinary action against the Plaintiff, however, chose to terminate him instead.

## FIRST CAUSE OF ACTION

## VIOLATION OF TITLE VII BY NINE ENERGY SERVICES

15. Plaintiff incorporates paragraphs one through fourteen as if fully stated herein.

16. Defendant intentionally discriminated against Plaintiff by:

   a. Not taking disciplinary action vs. automatic termination.

   b. Terminating Plaintiff's employment when other employees of a race and origin different from the Plaintiff are still employed.

   c. Depriving Plaintiff of the opportunity to succeed as a Cement Service Supervisor and/or grow within the company with no disciplinary action throughout his employment, while allowing employees of Caucasian descent to retain their employment even with a negative history on the job.

17. Nine Energy Services' conduct described herein constitutes unlawful discrimination practices in violation of Title VII.

18. As a result of these actions Plaintiff has been damaged and is entitled to compensatory damages, punitive damages, prejudgment interest costs and attorney's fees.

## SECOND CAUSE OF ACTION

## VIOLATION OF NMHRA BY NINE ENERGY SERVICES

19. Plaintiff incorporates paragraph one through eighteen as if fully stated herein.

20. Defendant intentionally discriminated against Plaintiff by:

a. Discharging Plaintiff instead of providing him a discussion about the situation, just like the Caucasian employees.

b. Depriving Plaintiff of the opportunity to discuss and/or correct what problem the District Manager thought there was, while allowing employees of Caucasian descent to retain employment even with problems on the job location.

21. Nine Energy Services' conduct described herein constitutes unlawful discrimination practices in violation of NMHRA.

22. As a result of these actions, Plaintiff has been damaged and is entitled to compensatory damages, punitive damages, prejudgment interest costs and attorney's fees.

**WHEREFORE,** Plaintiff prays this court enter its judgement against Nine Energy Services and award Plaintiff with compensatory damages, punitive damages, costs and such other and further relief as may be deemed equitable and just.

Respectfully Submitted by,

**Newell Law Firm**

BY: */s/ Michael Newell*
    Michael Newell
10 W Adams Ave., Ste. E
Lovington, New Mexico 88260
(575) 739-6395
mnewell@newelllawnm.com

and

                                                   Ross R. Bettis, Esq.*
                                                   The Law Office of Ross R. Bettis
                                                   726 E. Michigan Drive, Suite 100
                                                   Hobbs, New Mexico 88240
                                                   (575) 393-7677 Phone
                                                   (866) 990-7098 Facsimile
                                                   * Application Pending

Case 2:19-cv-00594-SMV-CG   Document 1   Filed 06/28/19   Page 5 of 5