IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

DANNY WILLIAMS,

    Plaintiff,

v.                                                  Case No. 2:19-cv-00594

NINE ENERGY SERVICES, et. la.,

    Defendant(s).

## AMENDED PLAINTIFF'S ORIGINAL COMPLAINT

**COMES NOW,** Plaintiff Danny Williams by and through his attorney, Ross R. Bettis, The Law Office of Ross R. Bettis, and brings this claim against Defendant, Nine Energy Services, et. al., for unlawful discrimination based on Plaintiff's race in violation Title VII of the Civil Rights Act of 1944, 42 U.S.C. 2000 (e) et seq. ("Title VII") and the New Mexico Human Rights Act, NMSA 1978 § 25-1-1 through § 28-11-15 ("NMHRA") and in support of this case of action states:

## I.
## PARTIES

1. Plaintiff, Danny Williams is currently and at all time material hereto a resident of Lea County, New Mexico.

2. Nine Energy Services is a business located at 3424 NW County Road, Hobbs, New Mexico 88240 and at all times related to this complaint doing business in Hobbs (Lea County), New Mexico.

## II.
## JURISDICTION AND VENUE

3. Jurisdiction and venue in this Federal District Court under 28 U.S.C §1331 and proper under NMSA § 38-3-1 (A), which provides "all transitory actions shall be brought in the

county where either the plaintiff or the defendant... resides." Accordingly, as Danny Williams resides in Lea County and Nine Energy Services has its principal place of business in Lea County, jurisdiction is proper in this District court.

4. This action is being brought pursuant to Title VII and the NMHRA. All administrative remedies with the Equal Employment Opportunity Commission ("EEOC") and the New Mexico Human Rights Bureau ("NMHRB") have been exhausted. The filing of this complaint is timely as the Dismissal and Notice of Rights was mailed by the EEOC on March 28, 2019.

## III
## FACTUAL ALLEGATION

5. Plaintiff is a Black/African American Male whose origin is from the United States.
6. Plaintiff was employed by Nine Energy Services at all times material hereto.
7. Plaintiff was hired as a Cement Service Supervisor from April 2018 through August 2018.
8. Plaintiff was terminated on August 2, 2018 for reasons unspecified by the District Manager, Charles Williford, who is a Caucasian Male.
9. Plaintiff was later notified by the Human Resource Manager, Nick Todd, that he was terminated because he had run out of fuel on location. His work crew, for which he was in charge, was instructed to immediately move from one job to the next due to proximity of proximity and told by Tim Chandler and Dan Brisco "do not stop to fuel".
10. Plaintiff was with his entire crew and the only one to be terminated.
11. Two, (2) months prior, another crew (Tim Chandler and Dan Brisco) ran out of fuel and received no recourse whatsoever.

## DISPARATE TREATMENT

12. Defendant has intentionally treated Caucasian Males who were similarly situated and ran out of fuel and even kicked off work location for other wrongs with no form of disciplinary action.

13. Defendant treated Plaintiff differently and singled him out due to his race and no other reason.

14. Defendant had the ability and opportunity discipline/retrain/sanction Plaintiff, however, chose to terminate him; a different treatment than his white counterparts.

## FIRST CAUSE OF ACTION

## VIOLATION OF TITLE VII: RACE DISCRIMINATION

15. Plaintiff incorporates paragraphs one through fifteen as if fully stated herein.

16. Defendant intentionally discriminated against Plaintiff in violation of federal law by:

17. Treating the plaintiff differently than similarly situated Caucasian employees.

18. Terminating Plaintiff's employment for following the instructions of his supervisor while retaining the similarly situated Caucasian employees.

19. Treating Plaintiff differently even with no negative employment disciplinary history, while allowing Caucasian employees with negative employment disciplinary history to retain them employment.

    a. The defendant had no legitimate basis for treating the plaintiff different. The only difference between he and his similarly situated coworkers is his race.

    b. Nine Energy Services' conduct described herein constitutes unlawful race discrimination practices in violation of Title VII.

c. As a result of these actions Plaintiff has been damaged and is entitled to compensatory damages, punitive damages, prejudgment interest costs and attorney's fees.

## SECOND CAUSE OF ACTION

## VIOLATION OF NMHRA BY NINE ENERGY SERVICES

20. Plaintiff incorporates paragraph one through nineteen as if fully stated herein.

21. Defendant intentionally discriminated against Plaintiff by:

22. Discharging Plaintiff instead of correcting/retraining/reprimanding him, like the Caucasian employees are treated.

23. Depriving Plaintiff of the opportunity to discuss and/or correct the problem the District Manager thought existed, while allowing employees of Caucasian descent to retain employment, even with more egregious problems on job location.

24. Treating the plaintiff different than similarly situated Caucasian employees.

25. Terminating Plaintiff's employment for following the instructions of his supervisor while not terminating other Caucasian coworkers for the exact behavior.

26. Nine Energy Services' conduct described herein constitutes unlawful discrimination practices in violation of NMHRA.

27. As a result of these actions, Plaintiff has been damaged and is entitled to compensatory damages, punitive damages, prejudgment interest costs and attorney's fees.

**WHEREFORE**, Plaintiff prays this court enter its judgement against Nine Energy Services and award Plaintiff with compensatory damages, punitive damages, costs and such other and further relief as may be deemed equitable and just.

Respectfully Submitted by,

/s/ Ross R. Bettis

Ross R. Bettis, Esq.
The Law Office of Ross R. Bettis
726 E. Michigan Drive, Suite 100
Hobbs, New Mexico 88240
(575) 393-7677 Phone
(866) 990-7098 Facsimile