**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **DANNY WILLIAMS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Case No. 2:19-cv-00594-SMV-CG** |
| | § | |
| **NINE ENERGY SERVICE, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

# JOINT STATUS REPORT

Pursuant to the Court's *Order for Joint Status Report* (Dkt. 36), which ordered the parties to prepare a joint status report outlining the status of discovery, Defendant Nine Energy Service, Inc. and Plaintiff Danny Williams hereby submit the following:

## I. STATUS OF DISCOVERY

### A. Plaintiff's Position:

Plaintiff has requested and responded to discovery albeit some responses have not been timely. Plaintiff anticipates that further discovery is necessary. All evidence other than oral testimony exists on the hard drives of company cell phones used in communications with Plaintiff and Defendants**.** Plaintiff is now incarcerated in Federal Prison and communication has been difficult but not impossible. **Plaintiff's Counsel will be attempting to withdraw from this case and seek new counsel to assist Plaintiff.**

i. *Initial Disclosures and Written Discovery*

Initial Disclosure: Agree with Defendant.




83215781

Plaintiff's Request for Discovery: Plaintiff agrees with most of the Defendants assertions but adds that additional discovery is needed in that the Defendants assert, in their response, that Plaintiffs' company provided work cell phone no longer exists and cannot be produced for examination by Plaintiff's expert. All communications between Plaintiff and Defendants were sent to a management group text of three (3) to four (4) persons. The phones of these three (3) to four (4) persons would have discoverable information.

Defendants have also objected to Plaintiff's request for production of the cell phone being "overly broad and leading to information not relevant" to this case. The Discovery requested (work cell phone) is reasonably calculated to lead to discovery of admissible evidence. All evidence outside of oral testimony exists on the hard drives of the work cell phones. The Plaintiff and Defendants mostly communicated through text messages on work cell phones because all field crews, of which Plaintiff was a Supervisor of, worked at remote locations. To mitigate the disclosure of non-relevant messages being disclosed on the work cell phones presented to the expert for examination, the expert employs a process whereby the report is sent to Defendant for redaction prior to being disclosed to Plaintiff.

Defendant's Requests for Discovery: Agree with Defendant but add that after a careful review it appears that Plaintiffs' Counsel only sent 8 Interrogatories to the prison for Mr. Williams response and failed to send the request for admissions to opposing counsel. However, Mr. Williams responded to these admissions on June 9, 2020. The responses to the admissions were emailed to opposing counsel on July 24, 2020.

*ii*. Deposition Scheduling: Agree with Defendant but add that we did not know he had been moved to a different facility and that during the COVID-19 pandemic, we were sometimes

told to call back because personnel were not available or they were understaffed when we made our requests.

*iii.* Expert disclosures have been supplemented and sent to Defendants Counsel via email in order to comply with Rule 26. Plaintiff's expert cannot provide a report in that the Defendant has not produced a cell phone for the expert to extrapolate messages from. The subject matter the expert is expected to present has been disclosed in the Supplemental Disclosure sent on July 23, 2020.

Counsel made a good a good faith attempt to supplement the expert disclosure in June with what I anticipated the expert would testify to which was the content of the cell phone messages. Counsel has supplemented the expert disclosure again to clarify that the expert will only lay foundation testimony on the how he retrieved the text messages, provide the text messages but not testify to his opinion about the text messages.

During the last status conference, Counsel for Plaintiff was physically present in a Deposition in another matter that was scheduled to be finished prior to the status conference. The Deposition ran a little long and Counsel called into the court but was told the matter had been vacated by the Courts clerk, Amanda.

Plaintiff asserts that the company provided cell phones are at the heart of the case and Discovery should be extended as Plaintiff sends new request for production for other company cell phones that were part of the management group text. Counsel is also attempting to withdraw and seek new counsel that is more experienced in the Federal District Court.

**B. Defendant's Position:**




83215781

Defendant has diligently pursued both requesting and responding to discovery in this matter, as detailed below. At this time, Defendant does not anticipate requesting any additional discovery and does not believe any discovery extensions are warranted.

***i. Initial Disclosures and Written Discovery***

Initial Disclosures: Plaintiff and Defendant exchanged initial disclosures early in the proceedings and engaged in preliminary substantive discovery in association with those disclosures.

Plaintiff's Requests for Discovery: Plaintiff served his First Requests for Production on January 3, 2020, prior to the Federal Rule of Civil Procedure 26(f) conference, which occurred on January 6, 2020. Defendant timely responded within thirty days from the conference, on February 5, 2020.

Defendant's Requests for Discovery: Defendant served its First Requests for Production, Interrogatories and Requests for Admission on March 5, 2020. On March 31, 2020, Plaintiff requested a thirty-day extension to respond to Defendant's Interrogatories but did not seek an extension to respond to Defendant's Requests for Production and Defendant's Requests for Admission. Defendant granted the extension on April 3, 2020, as to the Interrogatory responses. On April 21, 2020, Plaintiff served his responses to all of Defendant's discovery requests, including Responses to the Requests for Production, Requests for Admission, and the Interrogatories. Contrary to Plaintiff's statement above, he did serve responses to the Requests for Admissions—they were just untimely served..

Plaintiff's responses to the Requests for Production and to the Requests for Admission were untimely, therefore Defendant waived all objections to the Requests for Production,

although none were made, and Defendant contends all Requests for Admission should be deemed admitted. Defendant also diligently and timely sought additional discovery it needed by serving a second set of Requests for Production on Plaintiff on July 2, 2020, which was more than thirty days before the discovery deadline, which is August 3, 2020.

Defendant's Requests for Third Party Discovery: In addition to the written discovery Defendant sought from Plaintiff, on or about June 4, 2020, Defendant served third-party subpoenas on Plaintiff's former employers identified in Plaintiff's interrogatory responses. These third party employers have begun to produce documents, but production is not yet complete, in part due to delays caused by the COVID-19 pandemic.

The discovery completion deadline in this matter is August 3, 2020; accordingly, the deadline to request additional discovery has passed. Defendant does not intend to request any additional discovery at this time. Nor does Defendant believe an extension of the discovery deadline is necessitated or warranted given the above-described circumstances.

***ii. Deposition Scheduling***

On April 17, 2020, Plaintiff was committed to the custody of the Federal Bureau of Prisons for 151 months. As anticipated by the Court and the parties, Plaintiff's incarceration has caused certain delays in the scheduling of Plaintiff's deposition.

On June 12, 2020, counsel for Defendant reminded Plaintiff's counsel of the upcoming discovery deadline on August 3, 2020, and requested that he provide contact information for the Plaintiff's case manager, so that Defendant's counsel could coordinate Plaintiff's deposition with prison officials. Though Plaintiff's counsel responded to a portion of this email notifying Plaintiff's counsel of the deficiencies in Plaintiff's expert disclosures, as discussed *infra* Section

B(ii), Plaintiff's counsel never responded to this portion of Defendant's June 12, 2020 email. Defendant's counsel again requested the contact information by e-mail to Plaintiff's counsel on July 7, 2020. That same day, Plaintiff's counsel responded by identifying the last known facility where Plaintiff was held.

Defendant bore the additional expense of its counsel contacting the prison facility only to learn that Plaintiff was no longer being held at that facility. Defendant's counsel informed Plaintiff's counsel that Plaintiff could not be located at the facility provided, and Plaintiff's counsel—who at that time did not know Plaintiff's whereabouts—indicated he would attempt to locate him. Two days later, on July 9, 2020, Plaintiff's counsel informed Defendant of Plaintiff's current location at a separate facility, and Defendant's counsel contacted the case manager to coordinate Plaintiff's remote deposition. Defendant diligently and timely scheduled the deposition of Plaintiff Danny Williams despite his incarceration. Defendant served Plaintiff with a Notice of Deposition on July 9, 2020 and intends to move forward with that deposition remotely on July 28, 2020, within the discovery deadline.

Plaintiff has not noticed any depositions or requested dates for the deposition of any witnesses.

***iii. Expert Disclosures***

Plaintiff's deadline for designating any testifying expert and providing expert reports pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) was May 4, 2020. On that day, Plaintiff requested a one-day extension to serve his expert disclosures, which Defendant granted. Accordingly, on May 5, 2020, Plaintiff sent an e-mail containing what Plaintiff described as the




83215781

"Expert Witness information," which included an expert's name, address, and phone number only. The next day he followed up with the proposed expert's curriculum vitae.

Plaintiff's expert disclosures were not compliant with the Rule 26 requirements because he failed to (i) provide an expert report; (ii) disclose the subject matter on which the expert is expected to present; and (iii) provide a summary of the facts and opinions to which the witness is expected to testify. On May 21, 2020, counsel for Defendant informed counsel for Plaintiff that Plaintiff's expert disclosures failed to comply with FRCP 26, requested that Plaintiff supplement the disclosures, and that Plaintiff agree to allow Defendant a thirty-day extension from the time Plaintiff sends compliant expert disclosures for Defendant to designate a rebuttal expert, if needed. Plaintiff's counsel did not respond.

In the same June 12 e-mail sent by Defendant's counsel to obtain contact information for the facility where Plaintiff was being held in custody, Defendant's counsel once again notified Plaintiff's counsel of the deficiencies in the expert disclosures and advised him that, in the absence of any effort to supplement the expert discovery, Defendant would be forced to seek intervention from this Court to secure the same and to reserve Defendant's right to disclose a rebuttal expert. Plaintiff's counsel failed to respond to Defendant's June 12, 2020 e-mail until June 22, 2020, thus Defendant was once again forced to bear unnecessary expenses—*i.e.* the cost of preparing a Motion to Strike Plaintiff's Expert Witness Disclosures. On June 22, Plaintiff attempted to supplement his expert disclosures by way of a numbered list identifying the purported subjects of the expert's testimony. However, the enumerated list consisted almost entirely of lay facts and pure legal argument.


83215781

On or about July 9, 2020, counsel for Plaintiff and Defendant spoke over the phone, and Defendant again communicated to Plaintiff the deficiencies in his expert disclosures, which Plaintiff indicated he would supplement and further correct. Defendant and Plaintiff have agreed that Defendant will have thirty days from the date it receives compliant disclosures to provide its own expert disclosures, should it deem such a designation appropriate under the circumstances. One day prior to the due date of this Joint Status Report, on July 23, 2020, Plaintiff submitted his purported supplemental expert disclosures. Defendant is still reviewing the purported supplemental expert disclosures to determine their compliance with FRCP 26 and relatedly, whether this disclosure triggers the thirty-day window for Defendant to designate a rebuttal expert.

Ultimately Defendant sees Plaintiff's expert disclosures as conditional, but does not believe that expert testimony will be necessary in this case. As previously disclosed to Plaintiff in both Defendant's Response to Plaintiff's Request for Production and, thereafter, verbally over the phone, Plaintiff's work cell phone was inadvertently misplaced prior to Defendant learning of Plaintiff's claims made in this lawsuit and, after a diligent search, still cannot be located. In light of the foregoing, and the fact that Plaintiff did not timely request production of or discovery related to any other cell phones or messages during the discovery period, Defendant does not believe expert testimony will be necessary in this lawsuit. Finally, even assuming Plaintiff timely served discovery requests for or relating to other cell phones or text messages, Plaintiff has not demonstrated that production of an entire cell phone for forensic review is proportional to the needs of this case (*e.g.* Plaintiff maintains the focus of this potential inquiry, if ever made, would have been to obtain the content of any messages contained on such cell phones, which,

subject to any appropriate objections, could have been produced in response to a timely served request for production).

The last status conference was scheduled for July 9, 2020, but Plaintiff's counsel did not make an appearance. As previously indicated, Defendant does not intend to request any additional discovery and has scheduled the deposition it deems necessary at this time. Defendant will designate a rebuttal expert if necessary once it has had an opportunity to review compliant expert disclosures and will seek assistance from the Court if Plaintiff as necessary. Defendant does not believe an extension of the discovery deadline for purposes of requesting additional discovery or scheduling additional depositions is necessitated or warranted given the above-described circumstances.

## II. OTHER PERTINENT MATTERS

**A. Plaintiff's Position:**

*i.* Plaintiff's Counsel has not been able to speak to Plaintiff about a settlement amount but did speak to Defense Counsel about a figure that Plaintiff's Counsel thought was reasonable and reached in a similar Federal District Court Discrimination case late last year.

ii. Plaintiff complicated his own case by his arrest, conviction and incarceration in MO:19-CR-00204(1)-DC, a Federal District Court Criminal Case, but asks for some latitude by the Court during the discovery phase in that communication is difficult and finding and producing documents is an increasingly ardent task as a result of his incarceration. Plaintiff's Counsel is overwhelmed and seeking replacement Counsel to undertake representation of Mr. Williams. **Counsel will be motioning the court to withdraw in accordance with Local Rules of Federal Procedure 83.8.**




83215781

**B. Defendant's Position:**

***i. Lack of Settlement Demand***

Despite numerous recommendations by the Court, and multiple requests by Defendant, Plaintiff has failed to make a settlement demand. In the telephonic status conference with the Court on December 2, 2019, the Court first encouraged Plaintiff "to make a detailed settlement to Defendant early in the case." The Court reiterated its recommendation for Plaintiff to make a settlement demand at the status conference on May 5, 2020, and even offered to hold a settlement conference if necessary. Plaintiff's counsel responded that he anticipated making such a demand within a week or so from that date.

Defendant has requested that Plaintiff make a demand or otherwise reminded Plaintiff of this Court's recommendations on numerous occasions, including:

- On or about March 17, 2020, Defendant first verbally requested that Plaintiff send a settlement demand.
- On May 4, 2020, Plaintiff and Defendant spoke on the phone, at which time Defendant reminded Plaintiff of the Court's prior recommendation that he produce a settlement demand.
- On May 21, 2020, Defendant reached out to Plaintiff by e-mail requesting that Plaintiff make a demand.
- On July 9, 2020, Defendant again communicated a verbal request that Plaintiff make a settlement demand, and Plaintiff's counsel indicated he would communicate with his client about doing so.

Plaintiff has made no such demand to this date.

***ii. Upcoming Maternity Leave***

Additionally, Defendant wanted to inform the Court that counsel for Nine Energy Service, Inc. will be on maternity leave from approximately mid-September of 2020 to mid-

January of 2021. Defendant is confident that discovery can be completed by the deadline previously set by the Court, and, in an effort to ensure this leave would not impact the current schedule, Defendant has exercised diligent efforts to timely complete discovery. In the event the Court, nevertheless, deems it appropriate to modify the existing schedule, Defendant respectfully requests that, to the extent necessary, any such modification accommodate this leave.

***iii. Withdrawal of Plaintiff's Counsel***

One day prior to the due date of this Joint Status Report, on July 23, 2020, Plaintiff's counsel informed Defendant of his intention to withdraw from the case. Defendant's consent to the withdrawal of Plaintiff's counsel from this case will depend on the extent to which the withdrawal will cause delay in the proceedings, as Defendant has abided by all deadlines, currently seeks no extensions, and is ready to move forward in all aspects of the case.

**APPROVED WITH/WITHOUT EXCEPTIONS**

/s/ Ross R. Bettis

Ross R. Bettis, Esq.
The Law Office of Ross R. Bettis
726 E. Michigan Drive, Suite 100
Hobbs, New Mexico 88240
(575) 393-7677 (Tel)
(866) 990-7098 (Fax)

**ATTORNEY FOR PLAINTIFF**

*/s/ Emily L. Travis*

**Sara C. Longtain**
New Mexico Bar No. 19-260
slongtain@lockelord.com
**Emily L. Travis**




83215781

New Mexico Bar No. 19-284
Emily.travis@lockelord.com
**Kathleen H. Grossman**
New Mexico Bar No. 19-257
Kathleen.grossman@lockelord.com
**LOCKE LORD LLP**
600 Travis Street, Suite 2800
Houston, Texas 77002
Telephone: (713) 226-1492
Facsimile: (713) 229-2691

**ATTORNEYS FOR DEFENDANT NINE ENERGY SERVICE, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served upon the following via electronic service using the the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure on July 24, 2020.

Ross R. Bettis
The Law Office of Ross R. Bettis
726 E. Michigan Drive, Suite 100
Hobbs, New Mexico 88240
Telephone: (575) 393-7677
Facsimile: (866) 990-7098
*Counsel for Plaintiff*

*/s/ Emily L. Travis*
Emily L. Travis



83215781
83215781